UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO VINICIO CAMER,

    Plaintiff,

v.　　　　　　　　　　　　　　Case No:  2:22-cv-575-JES-NPM

DEPARTMENT OF VETERANS AFFAIRS AND HONORABLE DENIS RICHARD MCDONOUGH,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction (Doc. #9) filed on September 19, 2022. Plaintiff did not file a response and the time to do so has passed.[1] For the reasons set forth below, the motion is granted.

**I.**

On August 2, 2022, *pro se* Plaintiff Marco Vinicio Camer (Plaintiff) initiated a lawsuit with the County Court of the Twentieth judicial Circuit in and for Lee County, Florida, against the United States Department of Veterans Affairs (the VA) and the Secretary of the VA, Denis Richard McDonough, in his official capacity (Defendants). (Doc. #3.) Liberally construed, Plaintiff

---

[1] On October 19, 2022, the Court directed Plaintiff to respond to Defendants' Motion to Dismiss within fourteen days of the Order. (Doc. #10.)  Plaintiff did not file a response.

1

appears to allege that the VA owes him $8,000 because it engaged in discrimination when it provided access to dentistry services only to service members who were prisoners of war or awarded Purple Hearts.[2] (Id., p. 1.)

On September 12, 2022, the United States of America, on behalf of Defendants, removed this action to this Court pursuant to 28 U.S.C. § 1442(a)(1).[3] (Doc. #1.) Thereafter, Defendants filed the present motion to dismiss, arguing that this Court and the state court lack subject matter jurisdiction over this case because the Veterans' Judicial Review Act (VJRA), 38 U.S.C. § 511(a), generally precludes judicial review of the VA's benefits eligibility determinations. (Doc. #9, p. 3.)

**II.**

**A. Subject Matter Jurisdiction**

Subject matter jurisdiction relates to the Court's power to adjudicate a case. Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247 (2010). "It is a fundamental precept that federal courts are courts of limited jurisdiction . . . [and] limits upon federal jurisdiction . . . must be neither disregarded nor evaded." Owen

---

[2] The VA provides medical care to veterans through the Veterans Health Administration ("VHA"). The Secretary of Veterans Affairs (the "Secretary") manages the provision of health benefits to eligible veterans. Smith v. United States, 7 F.4th 963, 966 (11th Cir. 2021).

[3] Section 1442(a)(1) of Title 28 permits the government to remove a civil case that is filed against an agency of the United States in state court. 28 U.S.C. § 1442(a)(1).

2

Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." Andrews v. Sec'y, VA, 845 F. App'x 880, 883 (11th Cir. 2021) (quoting Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999)). If jurisdiction is found lacking, the Court can not proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); see also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

A plaintiff must affirmatively allege facts that, taken as true, show the existence of federal subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). See also Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

3

**B. Rule 12(b)(1) Motion To Dismiss**

Federal Rule of Civil Procedure 12(b)(1) authorizes the filing of a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a party facially attacks the Complaint, "the Court merely look[s] [to] see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). To survive dismissal, the factual allegations in a complaint must be "plausible" and "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).

A *pro se* amended complaint is to be liberally construed and "held to less stringent standards than complaints drafted by lawyers." Stephens v. DeGiovanni, 852 F.3d 1298, 1318 n.16 (11th Cir. 2017). Liberal construction means that a federal court sometimes must "look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations" to determine if a cognizable remedy is available. Torres v. Miami-Dade Cty., Fla., 734 F. App'x 688, 691 (11th Cir. 2018). Yet, there are limits to the court's flexibility since the Court does not have the "license to serve as de facto counsel for

4

a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

### III.

"Through the Veterans' Judicial Review Act (VJRA), Congress created an exclusive scheme for the review of claims affecting veterans' benefits." Andrews, 845 F. App'x at 883. The Eleventh Circuit has explained that

> The VJRA provides the decision of the Secretary as to any "questions of law and fact necessary to a decision by the Secretary under a law that affects *the provision of benefits* . . . shall be final and conclusive and *may not be reviewed by any other official or by any court*, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a) (emphasis added). The term "benefit" means "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).
>
> The VJRA does not completely eliminate judicial review of benefits decisions. Rather, determinations of the Secretary may be appealed to the Board of Veterans' Appeals ("Board"), whose ruling becomes the final decision of the Secretary. 38 U.S.C. § 7104(a). Decisions of the Board may then be reviewed exclusively by the U.S. Court of Appeals for Veterans Claims, an Article I court established by the VJRA. Id. §§ 7251, 7252(a), 7266(a). Decisions of the Court of Appeals for Veterans Claims are in turn appealable only to the U.S. Court of Appeals for the Federal Circuit. Id. § 7292(a), (c). The judgment of the Federal Circuit is then subject to review by the Supreme Court by writ of certiorari. Id. § 7292(c).
>
> Accordingly, pursuant to the VJRA, "judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may

>     be had only by appealing to the Board, then to the Court
>     of Veterans Appeals, the Federal Circuit Court of
>     Appeals and the Supreme Court." Hall v. U.S. Dep't of
>     Veterans Affairs, 85 F.3d 532, 534 (11th Cir. 1996) (per
>     curiam) (emphasis added).

Milbauer v. United States, 587 F. App'x 587, 590 (11th Cir. 2014)(emphasis in original). "Because the VJRA establishes an exclusive regime, district courts are divested of jurisdiction where the VJRA applies." Andrews, 845 F. App'x at 883.

"The VJRA is broad. Indeed, courts have consistently held that its scope extends to constitutional or tort claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction." Andrews, 845 F. App'x at 883-84 (quoting Price v. United States, 228 F.3d 420, 422, 343 U.S. App. D.C. 302 (D.C. Cir. 2000) (per curiam)(internal citation and quotation marks omitted)). "The question, then, is whether the gravamen of Plaintiffs' claims places them within the scope of the VJRA." Id. at 884.

Here, Plaintiff appears to allege that the VA denied him dental health care benefits because he was not a service member who was classified as a prisoner of war or a Purple Heart recipient. (Doc. #3.) However, "any and all determinations by the Secretary as to eligibility, entitlement, or the scope of benefits (including health care benefits) is 'a decision by the Secretary under a law that affects the provision of benefits.'" Smith v. United States, 7 F.4th 963, 985 (11th Cir. 2021)(quoting 38 U.S.C.

§ 511(a))(noting that "[i]t is obvious that any type of substantive benefits decision itself is unquestionably shielded from judicial review by § 511(a)."). Thus, taking Plaintiff's allegations as true, the District Court lacks jurisdiction to determine Plaintiff's entitlement to dental health care benefits pursuant to Section 511(a) as his claim falls within the scope of the VJRA. Andrews, 845 F. App'x at 884. Plaintiff's eligibility for VA benefits is a decision left solely to the discretion of the Secretary, and is only appealable to the Board of Veterans' Appeals ("Board"), and thereafter to the U.S. Court of Appeals for the Federal Circuit. Accordingly, Defendants' motion is granted and Plaintiff's Complaint is dismissed without prejudice for lack of subject-matter jurisdiction.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction (Doc. #9) is **GRANTED.**
2. Plaintiff's Complaint (Doc. #3) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of November, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record